UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
COLLEEN ROCHE,                                              :
                                                            :
                              Plaintiff,                    :
                                                            :    24-CV-5243 (VSB)
              -against-                                     :
                                                            :    **OPINION & ORDER**
                                                            :
THE LILLIAN GOLDMAN FAMILY, LLC,                            :
*et al.*,                                                   :
                                                            :
                              Defendants.                   :
------------------------------------------------------------X

Appearances:

Adam Saul Hanski
Robert Gerald Hanski
Hanski Partners LLC
New York, NY
*Counsel for Plaintiff*

Joseph James DiPalma
Jason Mattar
Ramsen Youash
Jackson Lewis P.C.
White Plains, NY
*Counsel for Defendant Juice Generation Inc.*

VERNON S. BRODERICK, United States District Judge:

  Before me is a letter motion filed by Defendant Juice Generation Inc. ("Juice Generation") to set aside and vacate the entry of default against it and to extend the time to respond to the Complaint. Because I find that Juice Generation has demonstrated "good cause" for the relief requested, *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993), Defendant's motion to vacate the default is GRANTED and its motion to extend the time to respond to the complaint is DENIED as moot.

### I.     Factual and Procedural Background

On July 11, 2024, Plaintiff filed the instant Complaint alleging that Defendants, including Juice Generation, violated the Americans with Disability Act, New York State Human Rights Law, and New York City Human Rights Law by failing to provide the required accommodations to Plaintiff is a wheelchair user.  (Doc. 1.)  Defendant Juice Generation was served on August 13, 2024, and was required to submit an answer or otherwise respond to the Complaint by September 3, 2024.  (Doc. 15.)  Juice Generation failed to do so.  On November 11, 2024, Plaintiff petitioned the Clerk of Court for a certificate of default.  (Doc. 28.)  The next day, the Clerk of Court entered a certificate of default.  (Doc. 30.)  On November 21, 2024, counsel Joseph James DiPalma and James Mattar of Jackson Lewis P.C.—who had previously filed notices of appearance for Defendant MB Nomad, LLC on October 30, 2024, (Docs. 22–23)—filed notices of appearance for Juice Generation, as well as for other Defendants.  (Docs. 32–33).  Also on November 21, 2024, counsel Jason Mattar filed a letter which, among other things, (1) requested an extension of time for Juice Generation to respond to the complaint to January 3, 2025, and (2) stated that "Plaintiff's counsel has consented to vacate the Default Judgment against Juice Generation Inc.," and that "a separate filing to that matter is forthcoming." (Doc. 34 at 1.)  The next day, I granted the request for an extension of time and ordered Juice Generation to file a letter articulating why there is good cause to set aside the default judgment under Rule 55(c) of the Federal Rules of Civil Procedure.  (Doc. 36.)  On December 6, 2024, Juice Generation filed the instant letter-motion to vacate the entry of default and for additional time to respond to the Complaint.  (Doc. 39.)

## II.     **Legal Standard**

"Where, as here, the Clerk of Court has entered a Certificate of Default, but no default judgment has yet been entered, the Court decides a motion to vacate the entry of default pursuant to the 'good cause' standard under Fed. R. Civ. P. 55(c), which is more lenient than the standard to set aside a default judgment under Rule 60(b)." *Bizelia v. Clinton Towers Mgmt.*, No. 20-CV-8065, 2023 WL 8258884, at *1 (S.D.N.Y. Nov. 29, 2023); *see also Peterson v. Syracuse Police Dep't*, 467 F. App'x 31, 33 (2d Cir. 2012) (summary order) ("Rule 55(c) permits a party to be relieved of default 'for good cause,' whereas a default judgment may only be set aside in accordance with Rule 60(b)."). Although Rule 55(c) does not define "good cause," the Second Circuit has advised district courts to consider three criteria in deciding a motion to vacate a default judgment: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron*, 10 F.3d at 96; *accord Peterson*, 467 F. App'x at 33. Courts may also consider "whether the entry of default would bring about a harsh or unfair result." *Enron*, 10 F.3d at 96. The Second Circuit generally disfavors defaults and "has expressed on numerous occasions its preference that litigation disputes be resolved on the merits, not by default." *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995); *Enron*, 10 F.3d at 95; *see also Brien v. Kullman Indus., Inc.*, 71 F.3d 1073, 1077 (2d Cir. 1995) (noting that there is a "limitation on the scope of the district court's discretion" because of the Second Circuit's "preference for resolving disputes on the merits"). Accordingly, "in ruling on a motion to vacate a default judgment, all doubts must be resolved in favor of the party seeking relief." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).

3

### III. <u>Discussion</u>

#### A. *Willfulness*

First, I must evaluate whether Juice Generation's default was willful. In the context of default judgment, willfulness refers to conduct that is "more than merely negligent or careless." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). In other words, willfulness is "egregious or deliberate conduct," such as where a defaulting defendant makes "a strategic decision to default." *OEC Freight (NY) Inc. v. Stanley Furniture Co.*, No. 20-CV-9556, 2023 WL 3080775, at *3 (S.D.N.Y. Apr. 25, 2023) (quoting *Am. Alliance Ins., v. Eagle Ins.*, 92 F.3d 57, 60–61 (2d Cir. 1996)). The inquiry for determining whether a defendant acted willfully focuses on what actions, if any, the defaulting party took "after it became aware of the existence of the litigation or entry of default." *Haran v. Orange Bus. Servs. Inc.*, No. 21-CV-10585, 2022 WL 2306945, at *2 (S.D.N.Y. June 27, 2022) (internal quotation marks omitted). "Thus, even where notice was adequate and the defaulting party failed to rebut the presumption of receipt, if the party responded promptly after learning of the action, courts have found that the party's default was not willful." *Id.* (internal quotation marks omitted).

Here, I find that Juice Generation did not act willfully. Juice Generation took "quick actions upon [their] receipt of the notice of default." *OEC Freight (NY) Inc.*, 2023 WL 3080775, at *3. The Second Circuit has found that a defendant's prompt application for a motion to set aside an entry of default suggests that the default was not willful. *See Enron Oil Corp.*, 10 F.3d at 98. Nine days after the Certificate of Default was issued, Juice Generation, among other things, notified me that Plaintiff's counsel had consented to vacating the default judgment against Juice Generation. (Doc. 34 at 1.) This prompt response of Juice Generation obtaining Plaintiff's consent to vacate the default judgment suggests that Juice Generation did not act

4

willfully in defaulting, but rather fully intended on defending itself in this suit. *See Swarna v. Al–Awadi*, 622 F.3d 123, 142–43 (2d Cir. 2010) (holding that default was not willful where the defendants retained counsel one day after receiving the motion for default judgment and where counsel moved for an extension of time to respond one week later). I note Juice Generation's explanation that its failure to timely answer was due, at least in part, to Juice Generation's attempt to obtain counsel. (*Id.*) Juice Generation fails to explain why its attempts were so prolonged such that Juice Generation's first appearance in this matter was over three months after it was served on August 13, 2024. (*See* Docs. 15, 32.) Although Juice Generation fails to explain the delay, I do not find that it acted willfully in defaulting.

### B. *Prejudice*

Next, I consider the level of prejudice that Plaintiff may suffer if I were to grant the motion to vacate. "Because relief from a default entry essentially is a matter of fairness and judicial discretion, the single most persuasive reason for denying a Rule 55(c) motion is prejudice to the non-defaulting party caused by reopening the action." *Select Harvest USA LLC v. Indian Overseas Bank*, No. 22-CV-3931, 2023 WL 2664079, at *12 (S.D.N.Y. Mar. 28, 2023) (alterations omitted) (quoting 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2699 (4th ed. 2023)). Delay alone does not establish the prejudice required to defeat a motion to vacate a default. *Johnson v. New York Univ.*, 324 F.R.D. 65, 71 (S.D.N.Y. 2018) (citing *Enron Oil Corp.*, 10 F.3d at 98). "Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Id*. (quoting *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)).

Vacating the entry of the Certificate of Default in this case would not prejudice Plaintiff so as to enter default judgment. As Juice Generation notes, no Defendant has filed an Answer in

5

this case, and "there is no doubling of efforts on the part of any party." (Doc. 39 at 2.) More importantly, Plaintiff's counsel had consented to vacating the Default Judgment, (Doc. 34 at 1), further indicating that Plaintiff would not be unduly prejudiced.

### C. *Meritorious Defense*

Lastly, I must consider whether Juice Generation has proffered "a meritorious defense." To make a sufficient showing of a meritorious defense, a defendant "need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 167 (2d Cir. 2004) (internal quotation marks omitted).

Here, Juice Generation merely claims that it "complied in good faith" with the applicable laws. (Doc. 39 at 3.) Juice Generation proffers no evidence of its purported compliance and fails to "present more than conclusory denials when attempting to show the existence of a meritorious defense." *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 173 (2d Cir. 2001). I therefore find that Juice Generation failed to present a meritorious defense.

Despite Juice Generation's failure to present a meritorious defense, I note the Second Circuit's "preference that litigation disputes be resolved on the merits, not by default." *Cody*, 59 F.3d at 15. Accordingly, after balancing the Rule 55(c) factors, I find that Defendant Juice Generation has established good cause to set aside the Certificate of Default.

### IV. **Conclusion**

For these reasons, Defendant Juice Generation's motion to vacate the default is GRANTED. Because I previously granted Juice Generation's request for an extension of time to file a response to the complaint by January 3, 2025, (Doc. 36), I find that the identical request for an extension of time, (Doc. 39), is moot.

SO ORDERED.

Dated: December 11, 2024
      New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge